UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

In re:

    XIANG YONG GAO,

            Debtor.                  **MEMORANDUM AND ORDER**

-------------------------------------------------------x   Case No. 15 CV 3838 (FB)

JYH SHYI WANG, ZHI CHUN LIU, and
TAO ZHANG,

            Plaintiffs/Appellees,

  -against-

XIANG YONG GAO,

            Defendant/Appellant.

-------------------------------------------------------x

*Appearances:*
| For the Plaintiffs/Apellees: | For the Defendant/Appellant: |
|---|---|
| WESLEY G. LOTZ, ESQ. | YIMIN CHEN, ESQ, |
| Fulkerson Lotz LLP | 401 Broadway |
| 77 Louisiana, Suite 5200 | Suite 409 |
| Houston, Texas 77002 | New York, New York 10013 |

**BLOCK, District Judge:**

       Defendant/Appellant Xiang Yong Gao ("Gao") appeals from a bankruptcy court judgment holding his debt to Jyh Shyi Wang, Zhi Chun Liu, and Tao Zhang (collectively, "Appellees") was nondischargeable.

## I.

Gao owns several supermarkets in the New York area. In 2009, Gao and his cousin, Ky Fu, decided to build a new Asian supermarket in Texas and recruited investors to manage the store. Appellees agreed to participate in exchange for an interest in the store, a salary, living expenses, and dividends from their shares.

The supermarket opened in August 2010 but closed by the end of the year. Appellees complained they did not receive compensation for their work, but Gao returned to New York without resolving Appellees' concerns. In December 2010, Appellees filed suit in the district court of Harris County, Texas alleging breach of contract, minority shareholder oppression, breach of fiduciary duty, fraud and conspiracy. Gao fully participated in the proceedings. A jury found him liable on all claims and awarded Appellees compensatory and punitive damages and attorneys' fees.

In an extensive sixty-seven page jury verdict sheet, the jurors answered thirty-three questions and sub-parts about Gao's liabilities. See RA 22-89 (jury verdict).[1] Moreover, Judge Carter in entering the judgment made specific findings from the jury's verdict. He held that Gao committed "actual fraud" and made

---

[1] All references to "RA" are to the Record on Appeal.

"misrepresentations with knowledge of the falsity of the statements upon which [Appellees'] justifiably relied, including actual fraud while...acting in [his] role as a fiduciary to [Appellees]." RA 127 (judgment). Gao took money, hid assets, and improperly profited while destroying Appellees' assets in the supermarket. *See* RA at 128. The Texas court further found that Gao "committed these and other acts willfully, maliciously, and wrongfully with intent to cause harm to [Appellees] without justification or excuse." *Id.*

Gao filed for voluntary bankruptcy in the bankruptcy court for the Eastern District of New York. Appellees filed an intervening adversary proceeding, seeking a declaration that the Texas judgment against Gao was a nondischargeable debt because it accrued due to Gao's fraud, defalcation, embezzlement, and through willful and malicious behavior. Finding that "on December 16, 2014, the Texas court signed a judgment...which incorporated the jury's findings in favor of the [Appellees], including that [Gao] committed fraud, breached his fiduciary duties, committed embezzlement, and committed these acts willfully and maliciously with the intent to cause harm to the [Appellees]," RA 109, the bankruptcy court held that Gao was collaterally estopped from relitigating these issues. The bankruptcy court gave preclusive effect to the Texas judgment and granted Appellees' motion for summary judgment.

## II.

Orders issued by a bankruptcy court are subject to appellate review pursuant to Bankruptcy Rule 8013. This Court reviews the bankruptcy court's "conclusions of law *de novo*, and findings of fact under a clearly erroneous standard." *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 988 (2d Cir. 1990).

The Bankruptcy Code has long prohibited debtors from discharging liabilities accrued on account of their fraudulent activity, embodying the basic policy that the relief of discharge is to enable a debtor's "fresh start," however, it inures "only to the benefit of the honest Debtor." *In re Pimpinella*, 133 B.R. 694, 697 (Bankr.E.D.N.Y.1991) (internal citations omitted).[2] Discharge is not available

---

[2] The relevant provisions of the Bankruptcy Code state:
    (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
        (2) for money, property, services...obtained by--
            (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

        (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

        (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C.A. § 523(a)(2), (4), (6).

for debt obtained by, *inter alia*, false pretense, fraud, defalcation while in a fiduciary capacity, or willful and malicious injury to another. 11 U.S.C. § 523(a).

It is well settled that preclusion principles apply in bankruptcy proceedings, the scope of which is "circumscribed by the particularized findings of the jury." *Matter of Miller*, 156 F.3d 598, 602 (5th cir. 1998) (internal citations omitted). Here, the Texas judgment was predicated on a finding that Gao engaged in fraudulent, defalcatory, willful and malicious behavior.

The Texas preclusion law applies in this case. *See In re Sokol*, 113 F.3d 303, 306 (2d Cir. 1997) (citing 2 U.S.C. § 1738); *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984). The party seeking preclusion must establish that the parties were adversaries in the prior action and the facts sought to be re-litigated were "fully and fairly litigated" and "essential" to the judgment in the first action. *McCoy v. Hernandez*, 203 F.3d 371, 374 (5th Cir.2000) (internal citations omitted); *In re Weiss,* 235 B.R. 349, 356-57 (Bankr. S.D.N.Y. 1999) *aff'd,* 255 B.R. 115 (S.D.N.Y 2000) (citing *Beech Aircraft Corp.*, 663 S.W.2d at 820-21). Gao litigated the Texas case for three years and disputed the claims now essential to issues of discharge in bankruptcy. *See Avila v. St. Luke's Lutheran Hosp.*, 948 S.W.2d 841, 847 (Tex. App. 1997) ("due process requires that collateral estoppel operate only against persons who have had their day in court")

(*citing Blonder-Tongue Lab. Inc. v. University of Ill. Found.*, 402 U.S. 313, 329, 91 S.Ct. 1434, 1443, 28 L.Ed.2d 788, 800 (1971)). The record belies his complaints.

*Fraud*

Debt by fraud is barred from discharge in bankruptcy. 11 U.S.C. § 523(a). Gao argues that the elements of fraud in Bankruptcy are different than under Texas law, such that the Texas judgment should not be given preclusive effect. Gao is incorrect. "The elements of fraud under the Bankruptcy Code and Texas law are essentially the same." *In re: Juck*, 93 F. App'x 291, 293 (2d Cir. 2004).

Moreover, in *Grogan v. Garner,* the Supreme Court held that where a judgment entailed proof of fraud, the debtor was estopped in a subsequent nondischargeability proceeding from relitigating whether the underlying debt was obtained by fraud. 498 U.S. 279, 285-91, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991); *see also Evans v. Ottimo*, 469 F.3d 278, 281 (2d Cir. 2006) (citations omitted).

The Texas jury found that Gao took money from the corporation and engaged in unrecorded sales of inventory for gain; he failed to pay appellees agreed upon compensation, and failed to share with Appellees the proceeds from the corporate sale. *See* RA 26 (jury verdict). Gao sold all the assets in secret, depriving appellees of an opportunity to object to the sale. *See* RA 26-27. As a result, Gao was held liable for common law and statutory fraud against the

Appellees. Gao is precluded from relitigating this issue and his debt to Appellees is nondischargeable as a result of his fraudulent activities. *See* 11 U.S.C. § 523(a)(2).

*Defalcation and Willfulness*

A debt for defalcation, while acting in a fiduciary capacity, or embezzlement may not be discharged in bankruptcy. § 523(a)(4).[3] These debts are "incurred through abuses of fiduciary positions...whereby the debtor has deprived others of their property by his...acts." *Matter of Miller*, 156 F.3d at 602 (citing *In re Boyle*, 819 F.2d 583, 588 (5th Cir. 1987)). Defalcation requires "a willful neglect of duty, even if not accompanied by fraud or embezzlement." *In re Bennett*, 989 F.2d 779, 790 (5th Cir. 1993). "[T]he jury must have found breach of fiduciary duty and awarded damages on that basis...to establish defalcation." *Matter of Schwager*, 121 F.3d 177, 182 (5th Cir. 1997). Gao disputes that there was a fiduciary relationship by which to find defalcation.

The jury determined that Gao fraudulently transferred the corporation's assets and was a part of a conspiracy that damaged Appellees. *See* RA 24-25, 45. It concluded that there was a special relationship of trust and confidence between

---

[3] Section 523(a)(4) proscribes defalcation while in acting in a fiduciary capacity or for embezzlement. A finding of embezzlement is an independent basis for denial of discharge apart from fiduciary considerations. *In re Hambler*, 329 B.R. 382, 400 (Bankr. S.D.N.Y. 2005). Either satisfies the statute.

7

Gao and Appellees, but Gao failed to comply with his fiduciary duties to them. *See* RA 31. The jury awarded both compensatory and punitive damages against Gao. Moreover, the final Texas judgment held that Gao acted willfully and maliciously. *See* RA 128. The findings in the Texas case satisfied the elements of defalcation. § 523(a)(4).

## CONCLUSION

The bankruptcy court properly applied collateral estoppel to Gao's attempts to re-litigate the issues of whether he acted in a fraudulent, defalcatory, willful and malicious manner. Appellant's motion is denied. The judgment of the bankruptcy court is affirmed.

**SO ORDERED**

<u>**/S/ Frederic Block**</u>
**FREDERIC BLOCK**
United States District Judge

Dated: Brooklyn, New York
November 12, 2015